UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALLO GLASS COMPANY<br><br>Plaintiff,<br><br>v.<br><br>SPECIAL SHAPES REFRACTORY COMPANY, INC., and NIKOLAUS SORG GMBH & COMPANY KG,<br><br>Defendants<br><br>NIKOLAUS SORG GMBH & COMPANY KG,<br><br>Cross-Claimant<br>v.<br><br>SPECIAL SHAPES REFRACTORY COMPANY, INC.,<br><br>Cross-Defendant. | Case No. 1:16-cv-01446 LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS APPROVING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION<br><br>(Doc. 51) |

## I. INTRODUCTION

Before the Court is Defendant Nikloaus Sorg GMBH & Company KG's motion for good faith settlement determination pursuant to California Code of Civil Procedure Section 877.6. (Doc. 51-1). No opposition to the motion was filed. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for September 14, 2018. For the reasons discussed below, this Court recommends that Defendant's Motion for Good Faith Settlement Determination be GRANTED.

1

## II. BACKGROUND

### A. Relevant Factual Background

Plaintiff Gallo is a glassmaker that has been manufacturing myriad types of glass containers since approximately 1958. Defendant Nikloaus Sorg GMBH & Company KG ("Sorg") is an industrial engineering and design firm specializing in the design of glass container furnaces.

In 2011, and pursuant to a Master Independent Contractor Agreement and a series of subsequent Project Work Orders ("PWO") and/or Change Orders, Gallo hired Sorg to provide certain design, engineering and technical supervision in connection with the re-design and re-construction of one of Gallo's glass container furnaces commonly known as Furnace No. 4. Declaration of Frederick Aker ("Aker Decl.") ¶ 3 (Doc. 51-2 at 2). On March 7, 2014, Sorg entered into another agreement with Gallo known as the "On-Demand Services Agreement," whereby Sorg agreed to provide certain consulting services and to perform audits and/or service inspections of Furnace No. 4. Aker Decl. ¶ 3. Pursuant to the contractor agreement and a series of subsequent PWO's, Gallo also retained Defendant Special Shapes Refractory Co. ("SSRC") to manufacture and deliver certain refractory materials that were used to construct the throat end wall of Furnace No. 4. Aker Decl. ¶ 9.

On or around April 2013, construction on Furnace No. 4 was complete, the furnace was placed into operation, and Gallo formally accepted Furnace No. 4 approximately three months later. Aker Decl. ¶ 10. On February 16, 2016, a large section of the throat end wall of Furnace No. 4 collapsed, requiring the furnace to be shut down and placed into an inoperable safe mode. Several months later, on April 13, 2016, with the assistance of Sorg and other vendors, contractors and design professionals, Furnace No. 4 was repaired and placed back into operation.

### B. Procedural History and Settlement

On September 28, 2016, Gallo filed the underlying action stemming from the furnace collapse. Declaration of Joshua Willert ("Willert Decl.") ¶ 3 (Doc. 51-3 at 2). The Complaint named Sorg and SSRC as the only defendant parties. Plaintiff's complaint alleged causes of action against Sorg for Breach of Contract, Breach of Warranty, Negligence, Professional Negligence, and Indemnity. The Complaint alleged causes of action against SSRC for Breach of Contract,

Breach of Warranty, Negligence, Product Liability, Professional Negligence and Indemnity. Gallo alleges that the furnace collapse was directly and proximately caused by failures in both the refractory materials provided by SSRC, and the furnace's design, maintenance, auditing, and construction supervision, provided by Sorg. Willert Decl. ¶ 5. Following the initial complaint, Defendants Sorg and SSRC filed Cross-Claims against one another which allege Indemnity, Contribution and Declaratory Relief. Willert Decl. ¶ 6.

Beginning on May 29, 2018, the parties attended a two-day mediation with retired judge, the Honorable Rebecca Westerfield. After two full days of mediation, the parties were unable to reach an agreement at that time. Willert Decl. ¶ 8. However, Sorg and Gallo were able to negotiate a settlement agreement in the weeks following this mediation. Willert Decl. ¶ 8-10. The settlement was reached out of a desire to compromise and settle all disputes that have arisen out of the incident and the lawsuit Gallo filed against Sorg in order to avoid the burden and expense of protracted litigation, including trial and appeal. *Id.* The Settlement Agreement provides for payment to Gallo in the amount of $3,932,990.50 in exchange for a dismissal with prejudice as to Sorg and a full release of all of Gallo's claims against Sorg and its related entities. Willert Decl. ¶ 9. The settlement agreement is contingent upon a finding by this Court that the agreement was reached in good faith under Code Civ. Proc. § 877.6 (a)(1) and (c).

Accordingly, Sorg now seeks an order for a determination that the settlement was made in good faith, and barring any future actions against Sorg relating to this action. (Docs. 51, 53).

### III. LEGAL STANDARD

Under California law, "[w]here a release, dismissal with or without prejudice or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort ... [i]t shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors," Cal. Civ. Pro. Code § 877. As a check on the validity of settlement agreements that might affect joint tortfeasors not a party to the settlement, California law further requires the court to make a determination that a settlement has been entered in good faith before that settlement can become final. *Id.* § 877.6. The section provides further that "[a] determination by the court that the

3

settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id.* § 877.6(c).

A settlement is made in good faith if it is within a "reasonable range" of the settling parties' proportionate share of liability to the plaintiff. *Tech–Bilt Inc. v. Woodward–Clyde & Assoc.*, 38 Cal.3d 488, 499 (1985). Courts, in making a good faith settlement determination consider the following factors: (1) "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability"; (2) "the amount paid in settlement"; (3) "the allocation of settlement proceeds among plaintiffs"; (4) "a recognition that a settlor should pay less in settlement than he would if he were found liable after trial"; (5) "the financial conditions and insurance policy limits of settling defendants"; and (6) "the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." *Id.* (citation omitted). Any party opposing an application for good-faith settlement bears the burden of proving "that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." *Id.* at 499–500; *see also* Cal. Civ. Proc. Code § 877.6(d).

When no party objects to the proposed settlement, the court may bypass the *Tech–Bilt factors* and enter a finding of good faith when presented merely with "the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case." *City of Grand Terrace v. Super. Ct. of San Bernardino Cnty.*, 192 Cal.App.3d 1251, 1261 (1987); *PAG–Daly City, LLC v. Quality Auto Locators, Inc.*, No. C 12–3907 WHA, 2014 WL 807415, at **1–2 (N.D. Cal. Feb. 27, 2014); *Bonds v. Nicoletti Oil, Inc.*, No. CV–F–07–1600 OWW/DLB, 2008 U.S. Dist. LEXIS 79814, at *14, 2008 WL 4104272 (E.D. Cal. Sept. 3, 2008) (granting motion for good faith settlement and declining to consider *Tech–Bilt* factors because there was no opposition to the motion).

### IV. ANALYSIS

Here, no opposition or objection has been filed to the motion. Prior to filing the Motion, Sorg met and conferred with counsel for the parties in this action by notifying them of the settlement, offering to make the Agreement available for their review, and asking anyone who

4

intended to oppose the Motion to notify counsel for Sorg. Willert Decl. ¶ 14. Counsel for SSRC, the only non-settling Defendant, agreed that they would not contest the good faith basis of the settlement reached. *Id.*

In an abundance of caution, the Court has reviewed the *Tech-Bilt* factors in relation to the facts of this case and Plaintiff's claims, and ultimately, the Court finds nothing about the consideration of these factors that weighs against making a good faith settlement determination. The Court has reviewed the terms of the settlement, as well as the supporting declarations, and is satisfied that the settlement is in good faith. There is no evidence the settlement resulted from fraud, collusion, or tortious conduct. Further, the Court finds the settlement fair and reasonable, and in Gallo's best interest given Sorg's defenses to both liability and Gallo's damages in this case. All parties are represented by competent counsel, who have chosen not to oppose the terms of the settlement, nor the request that the Court deem the settlement to have been made in good faith. Accordingly, in the absence of any objection, and based on the existing record in this case, the Court concludes that Sorg's settlement reached with Gallo was made in good faith and otherwise complies with Section 877.6. Sorg's motion should therefore be granted.

## V. CONCLUSION and RECOMMENDATION

For the reasons discussed above, this Court **RECOMMENDS**, that

1. Defendant Nikloaus Sorg GMBH & Company KG Motion for Good Faith Settlement Determination should be **GRANTED**;
2. The settlement between Nikloaus Sorg GMBH & Company KG and Gallo Glass Company be found as made and entered into in good faith pursuant to Code Civ. Proc. § 877.6(a)(1) and (c) and in accordance with *Tech-Bilt, Inc. v. WoodwardClyde & Assoc.*, 38 Ca1.3d 488, 494 (1985);
3. Any party, person or entity should therefore be barred from maintaining or making any future claim(s) against Nikloaus Sorg GMBH & Company KG for equitable comparative contribution or for partial or complete comparative indemnity, under common law or statute, or based upon principles of comparative negligence or comparative fault based upon the claims at issue in this matter; and

4. The Cross-Claim filed with this Court by Special Shapes Refractory Company (Case No.: 1:16-CV-01446-LJO-BAM) which alleges causes of action for Implied and Equitable Indemnity, Contribution and Declaratory Relief against Nikloaus Sorg GMBH & Company KG be hereby **DISMISSED WITH PREJUDICE**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 17, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE